1
2
3
4

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 16-15759-CMA |
| LELAND P. DAVIS AND JANA DAVIS, | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| BANKRUPTCY ESTATE OF LELAND P. DAVIS | ) | ADVERSARY PROCEEDING NO. |
| AND JANA DAVIS  by and through Edmund J. | ) | |
| Wood, solely in his capacity as bankruptcy | ) | |
| trustee for said estate, | ) | COMPLAINT FOR REVOCATION OF |
| | ) | DISCHARGE PURSUANT TO §727(d) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LELAND P. DAVIS AND JANA DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW Plaintiff, the Bankruptcy Estate of Leland P Davis and Jana Davis, by and through Edmund J. Wood, the duly appointed and acting bankruptcy trustee for said estate, and complains and alleges as follows:

A.      JURISDICTION AND VENUE

1.      The U.S. Bankruptcy Court has jurisdiction over the matter subject hereto as a "core proceeding" in accordance with 28 U.S.C. §§157(b) and 1334 and other applicable law.

2.      Venue before this Court is proper under 28 U.S.C. §1409(a) and other applicable law.

COMPLAINT - 1

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA  98101
(206) 903-0344

Case 17-01089-CMA     Doc 1     Filed 06/09/17     Ent. 06/09/17 13:46:43     Pg. 1 of 32

B.    PARTIES

3.    Plaintiff is a bankruptcy estate which arises from the filing of a voluntary Chapter 7 petition of Leland P. Davis and Jana Davis (hereinafter, collectively called, the "Debtors" or the "Defendants"), on November 16, 2016 (the, "Petition Date").

4.    Edmund J. Wood (the, "Trustee') is the duly qualified and acting trustee of the Debtors' bankruptcy estate (the, "Estate"), the legal representative of the Estate, authorized under applicable law to commence and pursue this adversary proceeding.   The Trustee commences this adversary proceeding solely in his capacity as bankruptcy trustee for the Estate.

5.    The Defendants are Leland P. Davis and Jana Davis who are the Debtors identified above.

C.    RELEVANT BACKGROUND

6.    The Defendants filed their bankruptcy schedules in their case on November 16, 2016. ECF Docket No. 1.

7.    In Schedule B pertaining to personal property in answer to question number 30 as to whether "other amounts someone owes you", the Defendants answered "no." ECF Docket No. at 13.

8.    In Schedule B pertaining to personal property in answer to question number 33 as to whether the  Defendants have "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment", the Defendants answered "no." Id.

9.    The Defendants also answered "no" in Scheduled B to question number 35 pertaining to whether the Debtor had any "other contingent and unliquidated claims of every nature…"; and answered no to question umber 35 as to whether they have "any financial assets you did not already list." Id.

10.    On September 30, 2016 or about six weeks before the Petition Date, the Defendants filed a complaint in King County Superior Court under Cause No. 16-2-23759-2 against Zureen Khan (the,

COMPLAINT - 2

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA  98101
(206) 903-0344

"Complaint", a copy of which is attached hereto as Exhibit A). In the Complaint, the Defendant identified therein as "Leland Davis, dba Market Ready Real Estate, Plaintiff" alleges six different causes of action for which he seeks relief including (a) a claim for specific performance of a real estate transaction in which the Plaintiff is the buyer of valuable real estate located at 9541 9th Avenue NW in Seattle (the, "Property"); (b) an alternate claim for an award of damages based upon the aforementioned real estate transaction of "not less than $115,335.10"; and (c) an award of damages based upon a claim conversion of personal property in an amount "not less than $40,000.00 plus pre and post judgment interest".

11. The Defendant (as Plaintiff in the above King County Superior Court action (the, "Action")) recorded a list pendens on the Property on the same date as the Action was commenced.

12. As evidenced in the Court docket for the Action (a copy of which is attached hereto as Exhibit B), a case schedule has been issued therein and various pleadings have been filed including an answer and third party complaint wherein the Defendant, Jana Davis, was named as a third party defendant. The docket also shows that a Notice of Association of Counsel (a copy of which is attached hereto as Exhibit C) on behalf of the Defendants (i.e., the Debtors) was filed as recently as April 28, 2017.

13. The Defendants maintain a website (http://www.marketreadyseattlerealestate.com) and Facebook page (https://www.facebook.com/pages/Market-Ready-Co/170784296268312).

14. The website includes a video of the Defendant, Leland P. Davis, discussing home remodeling. The website includes the following written statements: "Market Ready is a Seattle-based real and construction company. For over 20 years we've combined our expertise in Seattle real estate and a passion for transforming homes to help homeowners maximize their sales price." The website

COMPLAINT - 3

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

includes a tab called "Portfolio" touts the success of Market Ready including a sale of property located on 17th Ave NW in Ballard that listed for "$519,000" and sold for $580,000."

15.     In their Statement of Financial Affairs (SOFA) in answer to question number 9 (Within 1 year before you filed bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding", the Defendants did not list or disclose the Action. Id. at 46.

16.     In their SOFA, in answer to question number 10 regarding whether any of the Debtors' property had been seized, the Defendants did not disclose the personal property they allege in the Complaint as being converted. Id.

17.     In answer to SOFA question number 27, asking whether "within 4 years before you filed bankruptcy, did you own a business or have any of the following connections to any business," the Defendants did not list or disclose their sole proprietorship, Market Ready Real Estate. Id. at 50.

18.     The Defendants did not disclose in their bankruptcy schedules or SOFA that they lived at the Property, apparently for an extended and continuous period of time (that ceased only within a few months of the Petition Date); and the extent to which they actually lived in the real property they allege in their bankruptcy schedules is their current residence (3624 NW 65th Court, Seattle, WA 98117).

19.     The Defendants represented in their schedules and in testimony at their duly schedule creditors' meeting that the occupation of Defendant, Leland P. Davis, was essentially as a professional "stager" of residential property.  The Defendants did not disclose that he had an expertise in home remodeling and that it was a source of work and/or income or that he has operated or done business as Market Ready Real Estate with an active website.  The Defendants did not disclose any ownership of a domain name for the website, property is expected and should be identified in answers to questions in the bankruptcy schedule and SOFA forms.

COMPLAINT - 4

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

20.     At their duly schedule creditors' meeting, the Defendants testified under oath that their schedules and SOFA were true and correct; and did not disclose to the Plaintiff- Trustee the Action, any claims therein, the existence of Market Ready Real Estate or any of the other facts and information identified above that the Defendants concealed or hid from the Plaintiff-Trustee (collectively, the "Non-Disclosures").

21.     The Defendants were granted a discharge in their above entitled Chapter 7 case on or about February 15, 2017.  ECF Docket  No. 11.

D.     REVOCATION OF DISCHARGE

22.     Under Bankruptcy Code §§727(d) and (e), a bankruptcy trustee may request a revocation of discharge under §727(d)(1) within one year after such discharge is granted; or may request revocation of discharge under §727(d)(2) before the later of one year after discharge was granted or the date the case is closed.

23.     Section 727(d)(1) provides that a discharge shall be revoked  if such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

24.     Section 727(d)(2) provides that a discharge shall be revoked where the debtor acquired property that is property of the estate or became entitled to acquire property of the estate and knowingly and fraudulently failed to report the acquisition or their entitlement to such property to the trustee.

25.      The Plaintiff-Trustee did not know about any of the Non-Disclosures.  He only became aware of the Non-Disclosures very recently from a third party.

E.     PRAYER

THEREFORE, the Plaintiff prays for entry of a judgment in favor of Plaintiff against the Defendants as follows:

COMPLAINT - 5

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA  98101
(206) 903-0344

1.      Entry of an order revoking the Defendants' discharge pursuant to §727(d);

2.      Awarding Plaintiff reasonable attorneys fees and costs; and

3.      Granting Plaintiff such other and further relief as the Court deems just and equitable.

       DATED this 9th day of June, 2017

       KRIEGMAN LAW OFFICE, PLLC


       /s/ Bruce P. Kriegman
       Bruce P. Kriegman, WSBA# 14228
       Attorney for Plaintiff

COMPLAINT - 6

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA  98101
(206) 903-0344

Case 17-01089-CMA    Doc 1    Filed 06/09/17    Ent. 06/09/17 13:46:43    Pg. 6 of 32

<u>EXHIBIT A</u>

FILED

16 SEP 30 PM 2:07

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-23759-2 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| LELAND DAVIS, d/b/a MARKET READY REAL ESTATE, | Case No. |
| Plaintiff, | COMPLAINT |
| vs. | |
| ZUREEN KHAN, | |
| Defendant. | |

For its Complaint, plaintiff Leland Davis ("Mr. Davis") alleges as follows:

## I.   PARTIES, JURISDICTION, AND VENUE

1.1    Mr. Davis is a married man and resident of King County, Washington.

1.2    Zureen Khan, upon information and belief, is a single woman and resident of King County, Washington (hereinafter "Ms. Khan").

1.3    Ms. Khan is the owner of a parcel of real property commonly known as 9541 9th Avenue NW, King County, Washington, Tax Parcel I.D. Nos. 362603-9334 ("9th Avenue Property"). The 9th Avenue Property is legally described as set forth on Exhibit A hereto.

1.4    Jurisdiction is appropriate under RCW 2.08.010.

COMPLAINT -1

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

Case 17-01089-CMA    Doc 1    Filed 06/09/17    Ent. 06/09/17 13:46:43    Pg. 8 of 32

1.5    Venue is appropriate under RCW 4.12.010(1) because the real property at issue is situated in King County.

1.6    Venue is appropriate under RCW 4.12.020(3) and RCW 4.12.025(1) because the causes of action arose from injuries to plaintiff in King County and the defendant resides in King County.

## II.    FACTS

2.1    On or about November 25 – 28, 2008, Mr. Davis entered into a purchase agreement (hereinafter the "Purchase Agreement") with Ms. Khan for the purchase of real property at 9541 9th Avenue NW. A true and correct copy of the Purchase Agreement is attached hereto as Exhibit B.

2.2    The 2008 Purchase Agreement superseded a previous agreement between the parties, which was entered into in September of 2005 and expired by its own terms in October of 2007.

2.3    In consideration for acquiring the 9th Avenue Property, Mr. Davis agreed to: (1) pay an initial deposit of $20,000.00 upon acceptance of the agreement; (2) make a second payment of $15,000.00 in February of 2009; (3) pay for the property taxes starting in January of 2009; (4) pay the exact amounts of Ms. Khan's first and second mortgages on the property by the 15th of each month, until such time that Mr. Davis could complete a remodel of the house in order to secure a loan to pay off the mortgage balances; and (5) pay Ms. Khan the remaining balance of the purchase price upon closing.

2.4    Mr. Davis paid Ms. Khan an initial deposit of $20,000.00 on or about December 11, 2008.

COMPLAINT -2

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

2.5    Ms. Khan agreed to accept $2,000.00 in lieu of the second payment of $15,000.00, which Mr. Davis paid on or about September 9, 2009.

2.6    Mr. Davis made payments totaling at least $110,655.60 toward Ms. Khan's mortgages and property taxes from October 2005 through May of 2016.

2.7    Mr. Davis made payments for Ms. Khan's mortgages and property taxes by depositing funds directly into Ms. Khan's bank account.

2.8    From October of 2005 until July of 2016, Mr. Davis spent at least $90,335.10 on materials, labor, subcontractors, equipment, and permits and fees to remodel the 9th Avenue Property.

2.9    From October of 2005 until July of 2016, Mr. Davis contributed at least 500 hours of his own time toward the remodel of the 9th Avenue Property.

2.10   Mr. Davis's remodel of the subject property included, but was not limited to, demolition and reframing to reconfigure the floor plans; mechanical, electrical, and plumbing upgrades; replacement of roofing, exterior siding, windows, and doors; painting, tile, hardwood flooring and other finishes; and landscaping.

2.11   On or about February 18, 2016, Mr. Davis received a letter from counsel for Ms. Khan. This letter is attached hereto as Exhibit C.

2.12   The February 18 letter stated in part that Mr. Davis's "tenancy" in the 9th Avenue property would "terminate on May 31, 2016."

2.13   The February 18 letter further stated in part that Ms. Khan intended to sell the 9th Avenue property.

COMPLAINT -3

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

2.14    The February 18 letter offered to "prorate the rent if [Mr. Davis] vacate[d] during the middle of a month," and advised Mr. Davis that as long as he was on the property, his "obligations as a renter remain the same."

2.15    During May of 2016, Ms. Khan closed the bank account used by Mr. Davis to deposit the mortgage payments.

2.16    After closing the bank account, Ms. Khan did not provide alternate instructions for payment.

2.17    During May/ June of 2016, Ms. Khan changed the locks on the house.

2.18    As of June of 2016, Mr. Davis's remaining work on the property included installation of interior trims, repair of damage to interior walls, installation of a new concrete driveway, and exterior landscaping.

2.19    Ms. Khan took possession of the 9th Avenue Property and wrongfully disposed of many of Mr. Davis's tools, equipment, materials, and personal possessions, which had been stored on the property. These possessions include, but are not limited to, a boat, various kitchen appliances, a hot tub, construction materials, car parts, and power tools.

## III.    FIRST CAUSE OF ACTION: BREACH OF CONTRACT

3.1    Mr. Davis realleges the allegations contained in paragraphs 1.1 through 2.19 as though fully set forth herein.

3.2    Mr. Davis and Ms. Khan entered into an agreement whereby title for the 9th Avenue property would be transferred to Mr. Davis in exchange for: (1) payment of an initial deposit of $20,000.00 upon acceptance of the agreement; (2) payment of $15,000.00 in February of 2009; (3) payment of the property taxes starting in January of 2009; (4) payment of the exact amounts of Ms. Khan's first and second mortgages on the property by the 15th of

COMPLAINT -4

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

each month, until such time that Mr. Davis could complete a remodel of the house and secure a loan to pay off the mortgage balances; and (5) payment to Ms. Khan of the remaining balance of the purchase price upon closing.

3.3     Mr. Davis performed his obligations under the Purchase Agreement.

3.4     Ms. Khan's refusal to accept final payment and complete the transaction constitutes a material breach of her contractual obligations.

3.5     Mr. Davis is entitled to damages proximately caused by Ms. Khan's breach of contract in an amount to be determined at trial.

## IV.     SECOND CAUSE OF ACTION: SPECIFIC PERFORMANCE

4.1     Mr. Davis realleges the allegations contained in paragraphs 1.1 through 3.5 as though fully set forth herein.

4.2     Mr. Davis performed his obligations under the Purchase Agreement.

4.3     Ms. Khan's refusal to accept final payment and complete the transaction constitutes a material breach of her contractual obligations.

4.4     Specific performance is an appropriate remedy for breach of a contract to purchase real property because of the unique nature of land and difficulty in determining damages.

4.5     Mr. Davis is entitled to an order compelling Ms. Khan to specifically perform according to the Purchase Agreement, including transfer of title for the 9th Avenue Property to Mr. Davis in exchange for Mr. Davis's final payment of an amount to be proven at trial, but in no event totaling more than $338,000.00.

COMPLAINT -5

## V.    THIRD CAUSE OF ACTION: QUANTUM MERUIT

5.1    Mr. Davis realleges the allegations contained in paragraphs 1.1 through 4.5 as though fully set forth herein.

5.2    Per the terms of the Purchase Agreement, Ms. Khan requested that Mr. Davis perform work including a remodel of the 9th Avenue Property and payment of her mortgages.

5.3    Mr. Davis expected to be compensated for the work he performed by receiving title to the subject property.

5.4    Mr. Davis did not receive payment for work he performed on the 9th Avenue property.

5.5    Ms. Khan knew or should have known that Mr. Davis expected to receive title to the subject property in exchange for work he performed per the terms of the Purchase Agreement.

5.6    Under a theory of quantum meruit, Mr. Davis is entitled to recover the reasonable value of services he provided under the Purchase Agreement. *Young v. Young*, 164 Wn.2d 447, 485 (2008).

5.7    Mr. Davis is entitled to be compensated for the fair and reasonable value of his work, materials, and services provided from 2005 through 2016. The reasonable value of work, materials, and services provided is an amount to be proven at trial, but for purposes of this Complaint is not less than $115,335.10 plus pre and post judgment interest.

## VI.    FOURTH OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

6.1    Mr. Davis realleges the allegations contained in paragraphs 1.1 through 5.7 as though fully set forth herein.

COMPLAINT -6

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

6.2     Mr. Davis and Ms. Khan entered into an agreement whereby title for the 9th Avenue Property would be transferred to Mr. Davis in exchange for: (1) payment of an initial deposit of $20,000.00 upon acceptance of the agreement; (2) payment of $15,000.00 in February of 2009; (3) payment of the property taxes starting in January of 2009; (4) payment of the exact amounts of Ms. Khan's first and second mortgages on the property by the 15th of each month, until such time that Mr. Davis could complete a remodel of the house and secure a loan to pay off the mortgage balances; and (5) payment to Ms. Khan of the remaining balance of the purchase price upon closing.

6.3     Mr. Davis was in the process of fulfilling his remaining obligations under the contract as of June of 2016.

6.4     Ms. Khan obstructed Mr. Davis from fulfilling his remaining obligations by evicting him from the property, changing the locks to the house, and disposing of Mr. Davis's tools, equipment, materials, and personal possessions.

6.5     The covenant of good faith and fair dealing is implied in every contract and casts on each party a duty not to interfere with the other party's performance.

6.6     Mr. Davis is entitled to judgment against Ms. Khan for damages proximately caused by her breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial.

## VII.     FIFTH CAUSE OF ACTION: CONVERSION

7.1     Mr. Davis realleges the allegations contained in paragraphs 1.1 through 6.6 as though fully set forth herein.

COMPLAINT -7

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

7.2    Mr. Davis had been storing tools, equipment, materials, and personal possessions at the 9th Avenue Property, including, but not limited to, a boat, various kitchen appliances, a hot tub, construction materials, car parts, and power tools.

7.3    Ms. Khan intentionally and substantially interfered with Mr. Davis's possession of his personal property by relocating and/or disposing of his tools, equipment, materials, and personal items without his authorization, permission, or consent.

7.4    Ms. Khan's actions constitute conversion, and as a result, Mr. Davis is entitled to a judgement for damages in an amount to be proven at trial but in no event less than $40,000.00.

## VIII.    SIXTH CAUSE OF ACTION: REPLEVIN

8.1    Mr. Davis realleges the allegations contained in paragraphs 1.1 through 7.4 as though fully set forth herein.

8.2    Mr. Davis is the lawful owner of a number of tools, equipment, materials, and personal possessions, which he had stored on the property as of June of 2015, including, but not limited to, a boat, various kitchen appliances, a hot tub, construction materials, car parts, and power tools.

8.3    Ms. Khan detained Mr. Davis's personal property on or about June of 2016 when she changed the locks to the house on the subject property and relocated and/or disposed of his possessions.

8.4    Ms. Khan did not detain Mr. Davis's property to enforce a tax, assessment, statutory fine, or other lawful device.

8.5    The personal property Mr. Davis had been storing on the subject property is approximately valued at $40,000.00.

COMPLAINT -8

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

8.6    Mr. Davis is entitled to immediate delivery of any and all personal property which remains on the subject property or is otherwise still in Ms. Khan's possession under RCW 7.64.010.

## IX.    REQUEST FOR RELIEF

WHEREFORE, plaintiff Mr. Davis prays for relief as follows:

1.    For judgment against Ms. Khan for damages related to her breach of the Purchase Agreement in an amount to be proven at trial;

2.    For an order compelling Ms. Khan to specifically perform according to the Purchase Agreement, including transfer of title for the 9th Avenue Property to Mr. Davis in exchange for Mr. Davis's final payment of an amount to be proven at trial, but in no event totaling more than $338,000.00;

3.    For judgment against Ms. Khan for damages related to her delay in fulfilling her contractual obligations in an amount to be proven at trial;

4.    As an alternative to specific performance, Mr. Davis prays for judgment against Ms. Khan for damages under a theory of quantum meruit for the fair and reasonable value of work, materials, and services provided under the Purchase Agreement and all related consequential damages in an amount to be proven at trial, but for purposes of this Complaint, not less than $115,335.10 plus pre and post judgment interest;

5.    For judgment against Ms. Khan for damages related to breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

6.    For judgment against Ms. Khan for damages related to conversion of Mr. Davis's personal property in an amount to be proven at trial, but for purposes of this Complaint, not less than $40,000.00, plus pre and post judgment interest;

COMPLAINT -9

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

7.    For an order awarding immediate delivery to Mr. Davis of any and all of his personal possessions that either remain on the subject property or are otherwise in Ms. Khan's possession.

8.    For Mr. Davis's fees, costs, and litigation expenses as allowed by law, contract, or other equitable grounds; and

9.    For such further and other relief as the court deems just and proper.

DATED this 30th day of September, 2016.

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC


By: _____
Garth A. Schlemlein, WSBA #13637
SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford St, Suite 300
Seattle, WA  98134
P: 206-448-8100
F: 206-448-8514
E: gas@soslaw.com
Attorneys for Plaintiff

COMPLAINT -10

# Exhibit A



**King County**

Search Kingcounty.gov

Home | How do I... | Services | About King County | Departments

## King County Department of Assessments
Fair, Equitable, and Understandable Property Valuations

You're in: Assessor >> Look up Property Info >> eReal Property

Department of Assessments

500 Fourth Avenue, Suite ADM-AS-0708, Seattle, WA 98104

Office Hours:
Mon - Fri
8:30 a.m. to
4:30 p.m.

TEL: 206-296-7300
FAX: 206-296-5107
TTY: 206-296-7888

Send us mail

ADVERTISEMENT

| New Search | Property Tax Bill | Map This Property | Glossary of Terms | Area Report | Print Property Detail |
|---|---|---|---|---|---|

### PARCEL DATA

| | | | |
|---|---|---|---|
| Parcel | 362603-9334 | Jurisdiction | SEATTLE |
| Name | KHAN ZUREEN A | Levy Code | 0010 |
| Site Address | 9541 9TH AVE NW 98117 | Property Type | R |
| Residential Area | 039-003 (NW Appraisal District) | Plat Block / Building Number | |
| | | Plat Lot / Unit Number | |
| Property Name | | Quarter-Section-Township-Range | NW-36-26-3 |

**Legal Description**

N 72 FT OF S 330 FT OF E 146.81 FT OF SW 1/4 OF SE 1/4 OF NW 1/4 LESS RD
PLat Block:
Plat Lot:

### LAND DATA

| | | | |
|---|---|---|---|
| Highest & Best Use As If Vacant | SINGLE FAMILY | Percentage Unusable | 0 |
| Highest & Best Use As Improved | PRESENT USE | Unbuildable | NO |
| | | Restrictive Size Shape | NO |
| Present Use | Single Family(Res Use/Zone) | Zoning | SF 7200 |
| Land SqFt | 8,352 | Water | WATER DISTRICT |
| Acres | 0.19 | Sewer/Septic | PUBLIC |
| | | Road Access | PUBLIC |
| | | Parking | ADEQUATE |
| | | Street Surface | PAVED |

| Views | | Waterfront | |
|---|---|---|---|
| Rainier | | Waterfront Location | |
| Territorial | | Waterfront Footage | 0 |
| Olympics | | Lot Depth Factor | 0 |
| Cascades | | Waterfront Bank | |
| Seattle Skyline | | Tide/Shore | |
| Puget Sound | | Waterfront Restricted Access | |
| Lake Washington | | Waterfront Access Rights | NO |
| Lake Sammamish | | Poor Quality | NO |
| Lake/River/Creek | | Proximity Influence | NO |
| Other View | | | |

| Designations | | Nuisances | |
|---|---|---|---|
| Historic Site | | Topography | |
| Current Use | (none) | Traffic Noise | HIGH |
| Nbr Bldg Sites | | Airport Noise | |
| Adjacent to Golf Fairway | NO | Power Lines | NO |
| Adjacent to Greenbelt | NO | Other Nuisances | NO |
| Other Designation | NO | Problems | |
| Deed Restrictions | NO | Water Problems | NO |
| Development Rights Purchased | NO | Transportation Concurrency | NO |
| Easements | NO | Other Problems | NO |
| Native Growth Protection Easement | NO | Environmental | |
| DNR Lease | NO | Environmental | NO |

### BUILDING

| | |
|---|---|
| Building Number | 1 |
| Year Built | 1957 |
| Year Renovated | 0 |
| Stories | 1 |
| Living Units | 1 |
| Grade | 8 Good |
| Grade Variant | 0 |
| Condition | Average |
| Basement Grade | 7 Average |
| 1st Floor | 1,430 |
| 1/2 Floor | 0 |
| 2nd Floor | 0 |
| Upper Floor | 0 |

Click the camera to see more pictures.

Picture of Building 1

**Reference Links:**

King County Tax Links

Property Tax Advisor

Washington State Department of Revenue (External link)

Washington State Board of Tax Appeals (External link)

Board of Appeals/Equalization

Districts Report

iMap

Recorder's Office

Scanned images of surveys and other map documents

Notice mailing date: 06/09/2016

ADVERTISEMENT

| | |
|---|---|
| Finished Basement | 530 |
| Total Finished Area | 1,960 |
| Total Basement | 1,430 |
| Basement Garage | 440 |
| Unfinished 1/2 | 0 |
| Unfinished Full | 0 |
| AGLA | 1,430 |
| Attached Garage | 0 |
| Bedrooms | 4 |
| Full Baths | 1 |
| 3/4 Baths | 1 |
| 1/2 Baths | 0 |
| Heat Source | Oil |
| Heat System | Forced Air |
| Deck Area SqFt | 0 |
| Open Porch SqFt | 50 |
| Enclosed Porch SqFt | 0 |
| Brick/Stone | 0 |
| Fireplace Single Story | 0 |
| Fireplace Muilti Story | 1 |
| Fireplace Free Standing | 0 |
| Fireplace Additional | 1 |
| AddnlCost | 0 |
| Obsolescence | 0 |
| Net Condition | 0 |
| Percentage Complete | 0 |
| Daylight Basement | |
| View Utilization | |

Floor plan of Building 1



## TAX ROLL HISTORY

| Account | Valued Year | Tax Year | Omit Year | Levy Code | Appraised Land Value ($) | Appraised Imps Value ($) | Appraised Total Value ($) | New Dollars ($) | Taxable Land Value ($) | Taxable Imps Value ($) | Taxable Total Value ($) | Tax Value Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 362603933403 | 2016 | 2017 | | 0010 | 279,000 | 212,000 | 491,000 | 0 | 279,000 | 212,000 | 491,000 | |
| 362603933403 | 2015 | 2016 | | 0010 | 255,000 | 193,000 | 448,000 | 0 | 255,000 | 193,000 | 448,000 | |
| 362603933403 | 2014 | 2015 | | 0010 | 230,000 | 174,000 | 404,000 | 0 | 230,000 | 174,000 | 404,000 | |
| 362603933403 | 2013 | 2014 | | 0010 | 145,000 | 223,000 | 368,000 | 0 | 145,000 | 223,000 | 368,000 | |
| 362603933403 | 2012 | 2013 | | 0010 | 145,000 | 198,000 | 343,000 | 0 | 145,000 | 198,000 | 343,000 | |
| 362603933403 | 2011 | 2012 | | 0010 | 159,000 | 217,000 | 376,000 | 0 | 159,000 | 217,000 | 376,000 | |
| 362603933403 | 2010 | 2011 | | 0010 | 169,000 | 230,000 | 399,000 | 0 | 169,000 | 230,000 | 399,000 | |
| 362603933403 | 2009 | 2010 | | 0010 | 161,000 | 202,000 | 363,000 | 0 | 161,000 | 202,000 | 363,000 | |
| 362603933403 | 2008 | 2009 | | 0010 | 190,000 | 249,000 | 439,000 | 0 | 190,000 | 249,000 | 439,000 | |
| 362603933403 | 2007 | 2008 | | 0010 | 174,000 | 227,000 | 401,000 | 0 | 174,000 | 227,000 | 401,000 | |
| 362603933403 | 2006 | 2007 | | 0010 | 157,000 | 197,000 | 354,000 | 0 | 157,000 | 197,000 | 354,000 | |
| 362603933403 | 2005 | 2006 | | 0010 | 150,000 | 186,000 | 336,000 | 0 | 150,000 | 186,000 | 336,000 | |
| 362603933403 | 2004 | 2005 | | 0010 | 119,000 | 207,000 | 326,000 | 0 | 119,000 | 207,000 | 326,000 | |
| 362603933403 | 2003 | 2004 | | 0010 | 112,000 | 192,000 | 304,000 | 0 | 112,000 | 192,000 | 304,000 | |
| 362603933403 | 2002 | 2003 | | 0010 | 110,000 | 175,000 | 285,000 | 0 | 110,000 | 175,000 | 285,000 | |
| 362603933403 | 2001 | 2002 | | 0010 | 102,000 | 171,000 | 273,000 | 0 | 102,000 | 171,000 | 273,000 | |
| 362603933403 | 2000 | 2001 | | 0010 | 92,000 | 153,000 | 245,000 | 0 | 92,000 | 153,000 | 245,000 | |
| 362603933403 | 1999 | 2000 | | 0010 | 81,000 | 141,000 | 222,000 | 0 | 81,000 | 141,000 | 222,000 | |
| 362603933403 | 1998 | 1999 | | 0010 | 57,000 | 138,000 | 195,000 | 0 | 57,000 | 138,000 | 195,000 | |
| 362603933403 | 1997 | 1998 | | 0010 | 0 | 0 | 0 | 0 | 44,000 | 126,000 | 170,000 | |
| 362603933403 | 1996 | 1997 | | 0010 | 0 | 0 | 0 | 0 | 41,800 | 119,800 | 161,600 | |
| 362603933403 | 1994 | 1995 | | 0010 | 0 | 0 | 0 | 0 | 41,800 | 119,800 | 161,600 | |
| 362603933403 | 1992 | 1993 | | 0010 | 0 | 0 | 0 | 0 | 56,800 | 98,900 | 155,700 | |
| 362603933403 | 1990 | 1991 | | 0010 | 0 | 0 | 0 | 0 | 53,600 | 93,300 | 146,900 | |
| 362603933403 | 1988 | 1989 | | 0010 | 0 | 0 | 0 | 0 | 27,900 | 73,200 | 101,100 | |
| 362603933403 | 1986 | 1987 | | 0010 | 0 | 0 | 0 | 0 | 29,000 | 61,000 | 90,000 | |
| 362603933403 | 1984 | 1985 | | 0010 | 0 | 0 | 0 | 0 | 24,100 | 54,600 | 78,700 | |
| 362603933403 | 1982 | 1983 | | 0010 | 0 | 0 | 0 | 0 | 24,100 | 54,600 | 78,700 | |

## SALES HISTORY

| Excise Number | Recording Number | Document Date | Sale Price | Seller Name | Buyer Name | Instrument | Sale Reason |
|---|---|---|---|---|---|---|---|
| 1863731 | 20020122001257 | 1/17/2002 | $0.00 | BLUE LAGOON HOLDING LLC | KHAN ZUREEN A | Quit Claim Deed | Correction (refiling) |
| 1720041 | 19991103001611 | 10/22/1999 | $126,068.00 | BLUE LAGOON HOLDINGS | KHAN ZUREEN | Quit Claim Deed | Other |
| 1510348 | 199610161053 | 10/16/1996 | $145,000.00 | MILLER LAWRENCE C | BLUE LAGOON HOLDINGS L L C | Statutory Warranty Deed | None |

## REVIEW HISTORY

## PERMIT HISTORY

## HOME IMPROVEMENT EXEMPTION



ADVERTISEMENT

Updated: March 17, 2016

Share   Tweet   Email   Print

## Information for...
Residents
Businesses
Job seekers
Volunteers
King County employees

## Do more online
Trip Planner
Property tax information & payment
Jail inmate look up
Parcel viewer or iMap
Public records
More online tools...

## Contact us
206-296-0100
Email us
Staff directory
Customer service
Report a problem
Subscribe to alerts

Stay connected!   View King County social media

King County

© King County, WA 2016   Privacy   Accessibility   Terms of use

## Information for...
## Do more online
## Contact us

# Exhibit B

# Purchase Agreement

For property located
at
9541 9th Ave NW
Seattle, WA 98117

Date: 11/25/08

## Purchase Price $375,000.00

**Earnest money and Deposits**            $10,000.00 + $2,250.00

**The balance to be paid as follows:**

1. I pay Zureen Khan $20,000.00 upon mutual acceptance of this agreement
2. I will make a second payment of $15,000.00 at the end of February 2009
3. I will pay for the property taxes starting in January 2009
4. I will pay the exact first and second mortgages until I can finish the house and secure a new loan to pay off the first and second mortgages
5. I will pay any remaining balance due upon closing

6. THE MORTGAGES ARE TO BE PAID NO LATER THAN THE 15th OF EVERY MONTH.

_____  11/25/08
Leland P Davis           Date

_____  11/28/08
Zureen Khan              Date

# Exhibit C

# WINSLOW LAW GROUP

### PLLC

February 18, 2016

Leland Davis                        Sent by email to marketreadyrealestate@gmail.com
Jana Davis                           and by First Class Mail
Adrianna Davis
Sabina Davis
And Occupants of
9541 9th Avenue NW
Seattle WA 98117

Leland Davis                        Sent by email to marketreadyrealestate@gmail.com
3624 NW 65th Street              and by First Class Mail
Seattle WA 98117

      Re:     9541 9th Avenue NW; Seattle, Washington 98117;
              Termination of Tenancy

Dear Leland, Jana, Adrianna, Sabina and Occupants of 9541 9th Avenue NW in Seattle,

This letter informs you that your tenancy in the referenced property will terminate on May 31, 2016. Ms Khan will be selling her property.

Of course, you are under no obligation to remain until May 31, 2016. If you wish to move prior to that date, my client will not require that you provide the standard 20 day written notice. She is also willing to prorate the rent if you vacate during the middle of a month. However, during your remaining time at the property, your obligations as a renter remain the same.

                Sincerely,

                WINSLOW LAW GROUP, PLLC

                By: Ashton T. Rezayat

**SEATTLE**
100 W Harrison Street
Suite 540 · South Tower
Seattle WA 98119
206 282 4900 P
206 282 6537 F

**BAINBRIDGE ISLAND**
380 Ericksen Avenue
Suite 2 · P O Box 11410
Bainbridge Island WA 98110
206 842 1668 P
206 842 3129 F

WINSLOWLAWPLLC.COM

EXHIBIT B



## ECR Online    SUPERIOR COURT CLERK'S OFFICE



### All Documents

**My Account Info**

| | |
|---|---|
| Pages Remaining: | 0 |
| | Buy More |
| Pages Selected: | 0 |
| Reports Selected: | 0 |
| Amount Remaining: | 0.00 |
| Amount Purchased: | 16.00 |

**INSTRUCTIONS**

▷ 1) Select the documents you wish to purchase by checking the box to the left of the Sub #. 2) Click on the Get Document button.

**All Documents** | **Viewable**

Case Number: 16-2-23759-2    Case Title: DAVIS DBA VS KHAN    Filter By: - All - ▼

| Select | Sub #▲ | Pages | Date | Description |
|---|---|---|---|---|
| ✔ | 1 | 18 | 09/30/2016 | COMPLAINT |
| ☐ | 2 | 6 | 09/30/2016 | SET CASE SCHEDULE |
| ☐ | 3 | 1 | 09/30/2016 | CASE INFORMATION COVER SHEET |
| ☐ | 4 | 2 | 09/30/2016 | SUMMONS |
| ☐ | 5 | 2 | 09/30/2016 | LIS PENDENS |
| ☐ | 6 | 1 | 10/13/2016 | AFFIDAVIT/DCLR/CERT OF SERVICE |
| ☐ | 7 | 2 | 10/18/2016 | NOTICE OF APPEARANCE/PLA |
| ✔ | 8 | 16 | 11/09/2016 | ANSWER,3RD PTY CMPLNT & CNTRCLM/DEF |
| ☐ | 9 | 3 | 12/01/2016 | SUMMONS |
| ☐ | 10 | 3 | 12/13/2016 | NOTICE OF APPEARANCE /3DFS |

1 2

**Get Document(s)**

---

### King County | News | Services | Comments | Search

Links to external sites do not constitute endorsements by King County.
By visiting this and other King County web pages,
you expressly agree to be bound by terms and conditions of the site.
The details.

Build: 3.3.3
Environment: Production



## ECR Online SUPERIOR COURT CLERK'S OFFICE

### All Documents



**My Account Info**

| | |
|---|---|
| Pages Remaining: | 0 |
| | Buy More |
| Pages Selected: | 0 |
| Reports Selected: | 0 |
| Amount Remaining: | 0.00 |
| Amount Purchased: | 16.00 |

**INSTRUCTIONS**

▷ 1) Select the documents you wish to purchase by checking the box to the left of the Sub #. 2) Click on the Get Document button.

**All Documents** | **Viewable**

| Case Number: | 16-2-23759-2 | Case Title: | DAVIS DBA VS KHAN | Filter By: | - All - ▼ |
|---|---|---|---|---|---|

| Select | Sub #▲ | Pages | Date | Description |
|---|---|---|---|---|
| ✔ | 11 | 10 | 12/23/2016 | ANSWER AND THIRD PARTY COMPLAINT |
| ☐ | 12 | 1 | 12/23/2016 | AFFIDAVIT/DCLR/CERT OF SERVICE |
| ☐ | 13 | 3 | 03/06/2017 | CONFIRMATION OF JOINDER |
| ✔ | 14 | 3 | 04/28/2017 | NOTICE OF ASSOCIATION OF COUNSEL |

1 2

**Get Document(s)**

**King County** | **News** | **Services** | **Comments** | **Search**

Links to external sites do not constitute endorsements by King County.
By visiting this and other King County web pages,
you expressly agree to be bound by terms and conditions of the site.
The details.

Build: 3.3.3
Environment: Production

EXHIBIT C

FILED

17 APR 28 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-23759-2 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| LELAND DAVIS, d/b/a MARKET READY REAL ESTATE,<br><br>            Plaintiff,<br><br>   vs.<br><br>ZUREEN KHAN,<br><br>             Defendant. | NO. 16-2-23759-2 SEA<br><br>NOTICE OF ASSOCIATION<br><br>(Clerk's Action Required) |
| ZUREEN KHAN,<br><br>            Third Party Plaintiff,<br><br>   vs.<br><br>JANA DAVIS and the Marital Community comprised of JANA DAVIS and LELAND DAVIS,<br><br>      Third-Party Defendants. | |

TO:      The Clerk of the Court;

AND TO:    ALL COUNSEL OF RECORD

    NOTICE IS HEREBY given that William A. Young has been associated with Garth A. Schlemlein of the law firm of Schlemlein Goetz Fick & Scruggs, PLLC as counsel for Leland Davis d/b/a Market Ready and Jana Davis. All further papers and pleadings in this matter, except original process, should be served upon the following:

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

William A. Young
Schlemlein Goetz Fick & Scruggs, PLLC
66 S. Hanford St., Suite 300
Seattle, WA 98134
Telephone: 206-448-8100
Facsimile: 206-448-8514

DATED this 27th day of April, 2017.

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC

By: _____
William A. Young, WSBA #52023
SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford St, Suite 300
Seattle, WA 98134
P: 206-448-8100
F: 206-448-8514
E: gas@soslaw.com
Attorneys for Plaintiff and Third Party Defendant

NOTICE OF ASSOCIATION -2

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514

Case 17-01089-CMA    Doc 1    Filed 06/09/17    Ent. 06/09/17 13:46:43    Pg. 31 of 32

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 27th day of April, 2017, the document to which this certificate is attached to was served upon the following:

Ashton Rezayat
Winslow Law Group
100 West Harrison St.
Suite 540
Seattle, WA 98119
*Attorney for Defendant and Third Party Plaintiff Zureen Khan*

| | |
|---|---|
| ☐ | Certified U.S. Mail |
| ☐ | Legal Messenger |
| X | U.S. Mail |
| ☐ | Facsimile: |
| X | Via King County E-Filing |

Dated this 27th day of April, 2017.

Laurel Barton, Legal Secretary
66 South Hanford, Suite 300
Seattle, Washington 98134
Telephone: 206-448-8100
Facsimile: 206-268-2514
E-mail: lsb@soslaw.com

NOTICE OF ASSOCIATION -3

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD STREET, SUITE 300
SEATTLE, WA 98134
(206) 448-8100 Fax (206) 448-8514